E FILED ON 08/26/2020
THOMAS E. CROWE, ESQ.
THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION
2830 S. Jones Blvd., Suite 3
Las Vegas, Nevada 89146
(702) 794-0373
Attorney for Debtor
Nevada State Bar no. 3048

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**
**\* \* \* \* \* \***

| | | |
|---|---|---|
| In re: | ) | BANKRUPTCY NUMBER: |
| | ) | BK-S-20-12890-MKN |
| PLAYERS NETWORK, | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Date: September 9, 2020 |
| | ) | Time: 9:30 a.m. |

**OPPOSITION TO MOTION OF CREDITOR AUCTUS FUND, LLC FOR AN ORDER, PURSUANT TO 11 U.S.C. §105(A), 363, AND 541 (I) AUTHORIZING ISSUANCE OF CONVERSION NOTICES; (II) REQUIRING DEBTOR TO COMPLY WITH THE NOTICES; AND (III) DEEMING THE AUTOMATIC STAY INAPPLICABLE OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362**

Comes now, Debtor above-named, by and through its attorney THOMAS E. CROWE, ESQ., and oppose the MOTION OF CREDITOR AUCTUS FUND, LLC FOR AN ORDER, PURUSANT TO 11 U.S.C. §105(A), 363, AND 541 (I) AUTHORIZING ISSUANCE OF CONVERSION NOTICES; (II) REQUIRING DEBTOR TO COMPLY WITH THE NOTICES; AND (III) DEEMING THE AUTOMATIC STAY INAPPLICABLE OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362, filed by Ryan J. Works, Esq., Attorney for Auctus, Fund, LLC, based upon the points and authorities attached hereto.

DATED this 26th day of August, 2020.

THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION

By/s/THOMAS E. CROWE
THOMAS E. CROWE, ESQ.
2830 S. Jones Blvd.,Suite 3
Las Vegas, Nevada 89146
Attorney for Debtor

**POINTS AND AUTHORITIES**

The aforementioned Debtor filed for relief under Chapter 11 of Title 11 of the Bankruptcy Code on June 17, 2020. The Debtor herein opposes the Motion of Auctus Fund, LLC filed herein by Ryan J. Works, Attorney for Auctus Fund, LLC, on the basis that the cases cited by Movant for the proposition that Debtor's Treasury Shares are not property of the estate are absurdly non-precedential. In re CPT Corp. was a Minnesota decision involving an objection to claim. Decker was specifically rejected by the Bankruptcy Court in Nevada (Markell, J.) in In re Purchasepro.com, Inc. 332 B.R. 417 (holding issuance of warrants is property interest of the Debtor). The issuance of warrants by a third party has an impact on the value of the Debtor's stock and thus both impacts the Debtor and constitutes property of the estate.

Based upon pre-petition solicitations, Debtor has reason to believe it can confirm a Plan to pay a small dividend to unsecured creditors. Allowing this creditor to exercise warrants at this stage will not only provide a windfall to the creditor (not the estate) but severely interfere with the Bankruptcy case. This will injure the Debtor's stock value severely and allow Movant to benefit far more than it would be allowed under the Plan. Moreover, Movant will not be injured by continued application of the stay since under the Plan it would fare no differently from other creditors with convertible notes (which convertibility is not impacted by the Plan). Allowing exercise of the warrants at this stage would (possible irreparably) damage the value of the company's stock, thus harming all

other creditors with convertible notes.

The motion is also made in bad faith since Auctus is and has been acting as a predatory lender throughout the proceedings leading up to this Bankruptcy, and indeed its actions brought about the necessity of this Bankruptcy. The only effect of allowing Auctus to continue conversion would be to tank the stock value even further. The Debtor's 341 meeting was recently concluded and Debtor estimates its Plan and Disclosure will be on file before September 9, 2020, the date of the hearing in this matter. The Movant references only Code §362(d)(1) and/or (2) in its motion. Debtor submits that the balance of harms <u>at this stage of the case</u> favors Debtor and that the Court should refuse to lift the stay and find that the stay applies or, at a minimum continue the motion to the date of the confirmation hearing.

DATED this 26th day of August, 2020.

Respectfully Submitted:

THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION

By<u>/s/ THOMAS E CROWE</u>
THOMAS E. CROWE, ESQ.
2830 S. Jones Blvd.
Suite 3
Las Vegas, Nevada 89146
Attorney for Debtor

**CERTIFICATE OF MAILING OF RE: OPPOSITION TO MOTION OF CREDITOR AUCTUS FUND, LLC FOR AN ORDER, PURSUANT TO 11 U.S.C. §105(A), 363, AND 541 (I) AUTHORIZING ISSUANCE OF CONVERSION NOTICES; (II) REQUIRING DEBTOR TO COMPLY WITH THE NOTICES; AND (III) DEEMING THE AUTOMATIC STAY INAPPLICABLE OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362**

I, DONOVAN BOSQUE hereby certify that a copy of the OPPOSITION TO MOTION OF CREDITOR AUCTUS FUND, LLC FOR AN ORDER, PURSUANT TO 11 U.S.C. §105(A), 363, AND 541 (I) AUTHORIZING ISSUANCE OF CONVERSION NOTICES; (II) REQUIRING DEBTOR TO COMPLY WITH THE NOTICES; AND (III) DEEMING THE AUTOMATIC STAY INAPPLICABLE OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 filed herein, in the above-entitled case, was mailed via U.S. Mail or electronically mailed by the court on the 26th day of August, 2020, to the parties and addresses follows

| | |
|---|---|
| Ryan J. Works, Esq.<br>2300 West Sahara Ave., Ste. 1200<br>Las Vegas, NV 89102<br>rworks@mcdonaldcarano.com | U.S. Trustee – LV -11<br>300 Las Vegas Blvd. S., Ste 4300<br>Las Vegas, NV 89101 |

DATED this 26th day of August 2020.

/s/ DONOVAN BOSQUE
DONOVAN BOSQUE, an employee of
THOMAS E. CROWE PROFESSIONAL