IVAN J. REICH, ESQ.  
FBN: 778011  
Nason, Yeager, Gerson, Harris & Fumero, P.A.  
3001 PGA Boulevard, Suite 305  
Palm Beach Gardens, Florida  33410  
Tel.: 561-227-4562  
Fax: 561-982-7116  
Email: ireich@nasonyeager.com  
*Attorneys for SBI Investments LLC, 2014-1*

BRIAN D. SHAPIRO, ESQ.  
Nevada Bar No. 5772  
Law Office of Brian D. Shapiro, LLC  
510 S. 8th Street  
Las Vegas, NV 89101  
Tel: 702-386-8600  
Fax: 702-383-0994  
*Attorneys for SBI Investments LLC, 2014-1*

E-Filed  8-27-20

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: Players Network  dba The Players Network & The Players Network, Inc.<br><br>Debtor. | Case No. 20-12890-mkn<br>Chapter 11<br><br>EX-PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 OF MICHAEL BERK |

*SBI Investments LLC, 2014-1* ("SBI"), by and through its undersigned counsel, respectfully moves this Court, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada, for the entry of an order directing, to appear, MICHAEL BERK as set forth in a subpoena to be issued pursuant to Fed. R. Bankr. P. 9016, at a time, place, and date to be mutually agreed upon by the parties or, if no such agreement is reached, on no less than fourteen (14) days' notice. In support of this motion (the "Motion"), SBI respectfully states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Section 105, Bankruptcy Rule 2004, and Local Rule 2004.

**CASE STATUS AND BACKGROUND**

2. On May 17, 2020 (the "Petition Date"), Players Network dba The Players Network & The Players Network, Inc. (collectively, "Debtor") filed a chapter 11 petition.

3. On May 18, 2020, Debtor filed its Chapter 11 Small Business Subchapter V Plan (the "Plan")(ECF No. 12), as amended on June 24, 2020 (ECF No. 29), in which §§4.01 & 5.01 of both Plans, as amended, propose a 5 year plan with a payout of 4% to unsecured creditors, like SBI, to the extent they did not timely convert its debt to equity pre-petition, while treating equity holders as each retaining their interest with no required capital contribution, or other new value, from equity, in violation of the absolute priority rule, and is otherwise non confirmable under 11 U.S.C. §1129.

4. On June 25, 2020, Debtor filed its amended voluntary petition (ECF No. 32), but this time only under Chapter 11, and not as a Small Business Debtor, under Subchapter V, of the Bankruptcy Code, and on June 29, 2020, moved to convert to a standard Chapter 11 (ECF No. 33), both on the basis that Debtor did not qualify under Subchapter V, since it is a public reporting company under §§13 & 15 of the Securities Exchange Act of 1934, pursuant to 11 U.SC. §101(51D)(b)(ii) or (iii) and 11 U.S.C. §1182(1)(b)(ii) or (iii).

5. Further, on July 23, 2020 (ECF No. 46), this Bankruptcy Court denied Debtor's Motion to excuse it from having to list its equity security holders in compliance, with Fed. R. Bankr. P. 1007(a)(3), which required Debtor to file within 14 days of the Order for relief

"a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder" (ECF No. 17). As of the date of this filing, Debtor still has failed to file such a list as required by Rule 1007(a)(3).

## ARGUMENT

6. An examination pursuant to Bankruptcy Rule 2004 "can be ordered 'on motion of any party in interest.'" *In re Stasz*, 387 B.R. 271, 273, n.3 (9th Cir. 2008); see also *In re Lifeco Inv. Group, Inc.*, 173 B.R. 478, 480 (Bankr. D. Del. 1994) (quoting Fed. R. Bankr. P. 2004(a)). Bankruptcy Rule 2004 further provides that the Court may order the examination and the production of documentary evidence concerning any matter that relates "to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or . . . any matter relevant to the case or the formulation of a plan." Fed. R. Bankr. P. 2004(b); *In re Dinubilo*, 177 B.R. 932, 935 (E.D. Cal. 1993) (noting "[u]nder Rule 2004, a court may order the examination of any person or motion of any party in interest."). Generally, the purpose of a Bankruptcy Rule 2004 examination is to "discover assets, examine transactions, and determine whether wrongdoing has occurred." *In re North Plaza, LLC*, 395 B.R. 113, 122 n.9 (S.D. Cal. 2008) (citing *In re Rafsky*, 300 B.R. 152, 153, n.2 (D. Conn. 2003)); see also In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

7. The scope of a Bankruptcy Rule 2004 examination is "unfettered and broad," as the plain language of the rule indicates. See 9 Collier on Bankruptcy ¶ 2004.02[1] at 2004-6 (15th ed. Rev. 1997); *In re Dinubilo,* 177 B.R. 932, 939 (E.D. Cal. 1993) (quoting In re GHR Energy Corp., Inc., 33 B.R. 451, 453 (Bankr. D. Mass. 1983). The broad latitude of Bankruptcy Rule 2004 examinations furthers the purpose of the rule, which is "to allow the court to gain a clear picture of the condition and the whereabouts of the bankrupt's estate*." In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002) (permitted Bankruptcy Rule 2004

examination aimed at "obtaining information that will . . . potentially uncover additional claims that may exist for the benefit of the estate"); *In re W&S Invs.*, 1993 U.S. App. LEXIS 2231, at *5 (9th Cir. 1993) ("Bankruptcy Rule 2004 is a broadly construed discovery device."); In re French, 145 B.R. at 992 ("Bankruptcy Rule 2004 . . . does not offer the procedural safeguards available under Rule 26 of the Federal Rules of Civil Procedure.").

8. The information that SBI seeks through this Motion relate to matters that are clearly within the permitted scope of Rule 2004, including, but not limited to, information related to Debtors' assets, liabilities, and business operations.

9. Local Rule 2004(b) further provides, in part, "[t]he clerk may sign orders for examination if the date set for examination is more than fourteen (14) days from the date the motion is filed." This Motion is being filed more than fourteen (14) prior to the date set for the examination. Accordingly, the clerk is authorized to sign an order granting this Motion.

## CONCLUSION

For the reasons stated above, SBI respectfully requests that the Court enter an order directing MICHAEL BERK to appear for an examination pursuant to Bankruptcy Rule 2004 at a time, place, and date to be mutually agreed upon by the parties or, if no such agreement is reached, on no less than fourteen (14) days' notice.

Dated this 24th day of August 2020.

/s/ Brian D. Shapiro, Esq.
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
Law Office of Brian D. Shapiro, LLC
510 S. 8th Street
Las Vegas, NV 89101
Tel: 702-386-8600
Fax: 702-383-0994