E FILED ON 10/01/2020
THOMAS E. CROWE, ESQ.
THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION
2830 S. Jones Blvd., Suite 3
Las Vegas, NV 89146
(702) 794-0373
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**
\* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | ) | BANKRUPTCY NUMBER: |
| | ) | BK-S-20-12890-MKN |
| PLAYERS NETWORK, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF APPEAL AND STATEMENT OF ELECTION RE: ORDER (1)GRANTING RELIEF FROM THE AUTOMATIC STAY; (2) AUTHORIZING ISSUANCE OF CONVERSION NOTICES BY CREDITOR AUCTUS FUND, LLC.; (3) REQUIRING DEBTOR AND ITS TRANSFER AGENT TO COMPLY WITH CONVERSION NOTICES; AND (4) REQUIRING DEBTOR AND ITS TRANSFER AGENT TO CREATE A SHARE RESERVE SUFFICIENT TO ENSURE PROMPT COMPLIANCE WITH FUTURE CONVERSION NOTICES**

**Part 1: Identify the Appellant**

1. Name of appellant: Players Network,

2. Position of appellant in adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.

   _____ Plaintiff
   _____ Defendant
   _____ Other

   For appeals in a bankruptcy case and not in an adversary proceeding.

   XXX  Debtor
   _____ Creditor
   _____ Trustee

_____Other

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order or decree appealed from:

   Order (1)Granting Relief From the Automatic Stay; (2) Authorizing Issuance of Conversion Notices By Creditor Auctus Fund, LLC,;(3) Requiring Debtor and its transfer agent to comply with conversion notices; And (4) Requiring Debtor and its transfer agent to create a share reserve sufficient to ensure prompt compliance with future conversion notices.

   See attached copy as **Exhibit "1"**.

2. State the date on which the judgment, order, or decree was entered:

   September 17, 2020

**Part 3: Identify the other parties to the appeal**

Ryan J. Works, Esq., Attorney for Auctus Fund, LLC

**Part 4: Optional election to have appeal heard by District Court**

Debtor elects to have this appeal heard by the U.S. District Court for the District of Nevada.

**Part 5: Sign and Date**

THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION

/s/*THOMAS E. CROWE, ESQ.*            Date:   October 1, 2020
THOMAS E. CROWE, ESQ.
State Bar No. 3048
2830 S. Jones Blvd.
Suite 3
Las Vegas, NV  89146
(702) 794-0373
Attorney for Debtor

###

# Exhibit 1

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
September 17, 2020

Ryan J. Works, Esq. (NSBN 9224)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com

Philip M. Giordano, Esq.
Thomas A. Bockhorst, Esq.
Giordano & Company P.C.
REED & GIORDANO, P.A.
47 Winter Street, Suite 800
Boston, Massachusetts 02108-4774
Telephone: (617) 723-7755
pgiordano@reedgiordano.com
skyziridis@reedgiordano.com

*Attorneys for Auctus Fund, LLC*

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF NEVADA

In re:
PLAYERS NETWORK,

Debtor.

Case No.: 20-12890-mkn
Chapter 11

**ORDER (1) GRANTING RELIEF FROM THE AUTOMATIC STAY; (2) AUTHORIZING ISSUANCE OF CONVERSION NOTICES BY CREDITOR AUCTUS FUND, LLC,; (3) REQUIRING DEBTOR AND ITS TRANSFER AGENT TO COMPLY WITH CONVERSION NOTICES; AND (4) REQUIRING DEBTOR AND ITS TRANSFER AGENT TO CREATE A SHARE RESERVE SUFFICIENT TO ENSURE PROMPT COMPLIANCE WITH FUTURE CONVERSION NOTICES**

**Hearing Date: September 9, 2020
Hearing Time: 9:30 a.m.**

Upon the *Motion of Creditor Auctus Fund, LLC for an Order, Pursuant to 11 U.S.C. §§105(a), 363, and 541 (I) Authorizing Issuance of Conversion Notices; (II) Requiring Debtor to*

*Comply with the Notices; and (III) Deeming the Automatic Stay Inapplicable or, in the Alternative, Granting Relief from the Automatic Stay Pursuant To 11 U.S.C. § 362* [ECF No. 61] (the "Motion") in the above-captioned chapter 11 case for entry of an order authorizing the Creditor, Auctus Fund, LLC ("Auctus"), to issue periodic conversion notices, upon the timing and in the amounts determined by Auctus (the "Conversion Notices"), pursuant to which the Debtor, by and through its authorized transfer agent, or any successor thereto, (hereinafter the "Transfer Agent"), would deliver to Auctus certain shares of the Debtor's freely tradeable common stock (hereinafter the "Shares") in accordance with the terms and conditions of the two Convertible Promissory Notes Auctus holds from the Debtor and the associated Securities Purchase Agreements (collectively the "Transaction Documents"), and (II) requiring the Company to establish and allocate a sufficient "reserve" of the Shares, as held by the Transfer Agent on behalf of the Debtor, and to comply with such conversion notices of the Fund, pursuant to sections 105(a), 363, and 541 of title 11 of the United States Code; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court can enter a final order consistent with Article III of the United States Constitution; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and no further or other notice need by given; and this Court having determined that the legal and factual bases set forth in the Motion, Auctus's Reply Memorandum in support of its Motion, and at the hearing establish just cause for the relief granted herein; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference in accordance with Fed. R. Civ. P. 52, made applicable pursuant to Fed. R. Bankr. P. 7052 and 9014; and after due deliberation and sufficient cause appearing therefor,

It is hereby **ORDERED**, that:

1. The Motion is GRANTED.

2. Pursuant to section 362(d)(1) of the Bankruptcy Code, Auctus has demonstrated cause for relief from the automatic stay otherwise applicable pursuant to section 362(a) of the Bankruptcy Code.

3. Pursuant to section 362(d)(2) of the Bankruptcy Code, Auctus has demonstrated that relief from the automatic stay is appropriate because the Debtor does not have equity in the common stock shares as to which Auctus seeks issuance, and the Debtor has not shown that such property is necessary to an effective reorganization.

4. Auctus is authorized to issue periodic Conversion Notices, upon the timing and in the amounts determined by Auctus, in accordance with the terms and conditions of its Transaction Documents with the Debtor and as established by the record.

5. Upon delivery by Auctus of each Conversion Notice, the Debtor and its Transfer Agent, as authorized agent of the Debtor, are hereby ordered to deliver promptly, and in not more than in one (1) business day from the receipt of the Conversion Notice, to Auctus the Shares in accordance with the terms and conditions of the Transaction Documents with the Debtor and as established by the record.

6. The Debtor shall establish and allocate a sufficient reserve of the Shares, as held by the Transfer Agent as authorized agent of the Debtor, to ensure prompt compliance with all Conversion Notices issued by Auctus, in accordance with its Transaction Documents with the Debtor and as established by the record.

7. Auctus is authorized to take all actions it deems necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. During the course of these bankruptcy cases, this Court has and shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

### #

In accordance with LR 9021, counsel submitting this **ORDER (1) GRANTING RELIEF FROM THE AUTOMATIC STAY; (2) AUTHORIZING ISSUANCE OF CONVERSION NOTICES BY CREDITOR AUCTUS FUND, LLC,; (3) REQUIRING DEBTOR AND ITS TRANSFER AGENT TO COMPLY WITH CONVERSION NOTICES; AND (4) REQUIRING DEBTOR AND ITS TRANSFER AGENT TO CREATE A SHARE RESERVE SUFFICIENT TO ENSURE PROMPT COMPLIANCE WITH FUTURE CONVERSION NOTICES** certifies that the order accurately reflects the court's ruling and that (check one):

☐ The Court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

■ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document].

THOMAS E. CROWE, ESQ. – APPROVED/ DISAPPROVED/**FAILED TO RESPOND**

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Respectfully Submitted by:

McDONALD CARANO LLP

By: /s/ Ryan J. Works
Ryan J. Works, Esq. (NSBN 9224)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com

*Counsel for the Debtor*

4